IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| L.K.L. JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )CIVIL ACTION NO. 2:16-CV-424-WHA |
| | )   (wo) |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This case is before the court on the Report and Recommendation of the Magistrate Judge (Doc. #12) and the Petitioner's Objection thereto (Doc. #15).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objection to be without merit and due to be overruled.

Petitioner was convicted of sexual abuse in the first degree and was sentenced to ten years in prison. Petitioner claims first that the trial court erred in refusing to allow the defense to use the victim's statements during a Child Advocacy Center ("CAC") video to impeach the victim's testimony. Petitioner argues that this ruling violated his right under the Sixth Amendment to confront the witnesses against him.

The Magistrate Judge noted in the Report and Recommendation that the trial court ruled that because the victim's statements during the CAC interview were hearsay, and the prosecution had not introduced the interview, counsel could introduce only those portions of the interview where the victim made an inconsistent statement. The Alabama Court of Criminal Appeals affirmed the decision of the trial court, but also noted that Petitioner provided no instances of

inconsistent statements other than in the victim's journals, about which Petitioner was allowed to

cross-examine the victim, and prior inconsistent statements she made regarding the journals

during her CAC interview.  As noted in the Report and Recommendation, Petitioner made no

record of any other inconsistent statements made by the victim in the CAC interview.

This court finds no error in the Report and Recommendation which found that the trial

court did not improperly refuse to allow the defense to cross-examine the victim regarding prior

inconsistent statements, but instead limited the evidence before the jury to relevant prior

inconsistent statements.  The court agrees that the state court's ruling was not contrary to or an

unreasonable application of Supreme Court precedent regarding cross-examination. Furthermore,

in the Objection, Petitioner again specifies no other inconsistent statements made by the victim

in the CAC interview.

The Report and Recommendation also notes that Petitioner argues that under the

Alabama Rules of Evidence the defense should not have been forced to disclose the specific

evidence it planned to use to impeach the witness (citing Ala. R. Evid. 613). Errors of state

evidentiary law, however, generally are not cognizable as grounds for federal habeas relief.  *See*

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that "it is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions").

Petitioner also claims that "the trial court erred in re-instructing the jury and therein

adding additional commentary to the pattern jury instructions." The jury asked two questions

during its deliberations. First, the jury asked the court to explain the application of the use of

common sense. The court recharged the jury, explaining that the jury is to decide what the true

facts are based on the evidence and reach a fair decision on whether the State established beyond

a reasonable doubt all of the elements of the offense charged against the defendant, and that

jurors are allowed to use their "common sense in resolving whatever questions and differences you may have among yourselves." Second, the jury asked the court "if there was a different category for touch and penetration." Docs. 7-4 at 102 & 7-6 at 15. The court said that "penetration" was not an element of the charged offense. Doc. 7-4 at 102. The court said "[it] could include penetration, but it's not an element of the charged offense. So listen carefully to what I have to say." The court then reinstructed the jury on the elements of the offense charged, including the definition of "sexual contact."

The court agrees with the finding of the Report and Recommendation that the Petitioner has not identified how the instructions rendered his trial fundamentally unfair, and agrees that the court's instructions did not relieve the State of its burden of persuasion on any element of the offense and did not "so infect[] the entire trial that the resulting conviction violate[d] due process."

Accordingly, the objection is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, the Petition for Habeas Corpus Relief is DENIED, and it is hereby

ORDERED that this case is DISMISSED with prejudice.

Done this 14th day of January, 2019.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNTIED STATE DISTRICT JUDGE